494 P.2d 1316 (1972)
Raymonda SAKAL, Plaintiff-Appellee,
v.
James E. DONNELLY, Defendant-Appellant.
No. 70-482.
Colorado Court of Appeals, Div. I.
January 25, 1972.
Rehearing Denied February 15, 1972.
Meer & Wolf, Albert B. Wolf, Denver, for plaintiff-appellee.
Saunders, Dickson, Snyder & Ross, P. C., Glenn G. Saunders, John M. Dickson, Denver, for defendant-appellant.
Selected for Official Publication.
ENOCH, Judge.
This appeal concerns a claim for the balance due and related relief upon a promissory note executed by James Oxandaburu and payable to his sister, Mrs. Sakal, the plaintiff-appellee. Sakal's complaint alleged defendant-appellant, James Donnelly, assumed and agreed to pay the note which at the time of the assumption had a balance due of $3,400. Donnelly's answer admitted *1317 he had made no payments upon the note, generally denied the other allegations in the complaint and set out affirmative defenses of lack of consideration and the statute of frauds. An amended answer contained the additional defense that James Oxandaburu was an indispensable party and alleged Oxandaburu had converted certain items claimed by Donnelly resulting in either a breach of contract or requiring an offset to any judgment Sakal might receive. Trial was to the court and at the conclusion of Sakal's case, Donnelly made a motion to dismiss and then rested before a ruling was made on the motion. Thereafter, the court denied the motion and entered judgment in favor of Sakal for $3,400, interest and attorney's fees.
The background of this controversy is as follows: In July 1957, Sakal sold her interest in a ranch to her brother, James Oxandaburu, in return for his promissory note for the purchase price. Thereafter, Oxandaburu and Donnelly entered into a partnership. Oxandaburu subsequently brought an action against Donnelly for a partnership accounting and a termination of the partnership. That action was settled by a stipulation in which Donnelly agreed to pay certain obligations including the unpaid balance on the note in question. No payments were made by Donnelly and this action ensued.

I.
Donnelly first contends that Sakal did not prove a prima facie case because Donnelly's admissions made in response to Sakal's requests for admissions were not formally offered and admitted into evidence. We find no merit in this argument.
Donnelly's verified response to Sakal's requests for admissions admitted the genuineness of Sakal's exhibits subsequently offered at trial and admitted, inter alia, that he had assumed the note in question, that the balance due was $3,400 and that he had made no payments to Sakal. Donnelly does not contend that the admissions were for any reason inadmissible, but does contend that since the admissions had not been tendered and admitted as evidence, they could not be considered by the trial court.
A court may take judicial notice of any matters in its own records and files. Bowes v. Cannon, 50 Colo. 262, 116 P. 336. See Linker v. Linker, 28 Colo.App. 136, 470 P.2d 882. The admissions were filed with the court prior to trial and were before the trial judge during the trial. It was unnecessary under these circumstances for the admissions to be formally offered and received into evidence during the trial before they could be considered by the trial court. A contrary conclusion would, as the trial court stated, require a meaningless formality. See Swan v. Zwahlen, 131 Colo. 184, 280 P.2d 439.

II.
Donnelly further alleges that there was no proof of the unpaid balance on the note and that the statute of frauds was not satisfied. These two allegations of error are based on the assumption that the requests for admissions and admissions were not evidence before the trial court. Since we have concluded that this assumption is erroneous, these two allegations are without merit because in the admissions Donnelly admitted the amount of the balance due and admitted the execution of an "Agreement to Indemnify and Hold Harmless."

III.
Donnelly next contends that if the requests for admissions and the admissions were properly considered by the court, then they established a breach of contract by Oxandaburu which is a good defense to the present action.
The responses to the requests for admissions relied on by Donnelly state in essence that Oxandaburu converted certain items claimed by Donnelly. These responses are the only indication in the record that this alleged breach was committed by Oxandaburu.
*1318 Donnelly's responses indicating a breach could not have the effect of establishing a breach any more than could such allegations in an answer. It remained for Donnelly to establish this defense to the satisfaction of the trial court. Instead of producing evidence of the alleged breach, however, Donnelly chose to rest his case at the conclusion of Sakal's case and to rely on his motion to dismiss. Under these circumstances, the trial court correctly found Donnelly had not established a defense of breach of contract.

IV.
The additional contention made by Donnelly that James Oxandaburu was an indispensable party to this action is without merit and is rejected. Woodco v. Lindahl, 152 Colo. 49, 380 P.2d 234.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.