George E. and Lucille BENBROOK; Walter A. and Dorothy M. Schmid; Robert D. and Maryon W. Dickinson; James T. and Loretta Phillips; Harold L. and Louise M. Kittel; George Crombie, Jr., and Dorothy Crombie; Josephine Lobue and John Bobola; Joyce D. Watson; Brenda A. Scandaliato; Dorene L. Markham; Jeanne West Long; Homer S. and Thomas J. Thompson; Billy D. Rich; Mary Lorraine Hovey; Jane E. Scott; Victoria M. and Cynthia G. Gushee; Felix G. Dickson; Carol A. Allan; Stanley A. and Carla M. Allan; Theresa C. Stamm; James E. and Carol C. Gibson; Lyle E. and Lucille C. Van Horn; James E. Burton and Gayle J. Burton; Alyce Y. Olson and Harvey Black; Oscar E. Nivens and Christine Nivens; Garvin B. and Jenelle L. Farris; D.L. and Zella Robinette; Philip R. and Eleanor M. Anderson; Betty P. Olei; Frances Baker; Katie R. Wiley; Mary C. Hoffman; Leonore M. Ihle; Nettie V. Stratton and Freeda M. Carter; Maynord Lund; James G. & Sue E. Davis; Phyllis E. Kelly; Edward F. LaClare; Earl E. Hoven and Isabel M. Hoven; Harold F. and Melba E. Marrs; George D. and Elizabeth H. Fisk; and Norman and Evelyn Key, Plaintiffs-Appellees,

v.

BOARD OF ASSESSMENT APPEALS of the State of Colorado; Property Tax Administrator of the State of Colorado, Defendants-Appellants.

No. 83CA0974.

Colorado Court of Appeals, Div. I.

Dec. 20, 1984.

Rehearing Denied Jan. 17, 1985.

Certiorari Granted March 25, 1985.

Murray, Baker & Wendelken, Ben S. Wendelken, Colorado Springs, for plaintiffs-appellees.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Billy Shuman, Deputy Atty. Gen., Denver, for defendants-appellants.

SMITH, Judge.

Defendants, the State Board of Assessment Appeals and the State Property Tax Administrator, appeal from an order of the district court directing that plaintiffs be granted an abatement and refund of certain property taxes. We affirm.

In 1980 the assessor of El Paso County increased the assessed valuation of 48 condominium units in a four-building complex located in Colorado Springs, Colorado. The increase in the assessed valuation of the units was based entirely on their having been converted from apartments into condominiums in 1979. At the time of the conversion no physical improvements to the units were made.

After receiving notices of the increase in the assessed valuation of the units, seven or eight of the condominium owners filed protests with the county assessor's office pursuant to § 35–5–122, C.R.S. All of these protests were denied. Thereafter, two of the owners, Melvyn Brooks and Earl Hoven, appealed to the county board of

equalization, which also denied the protests. Only Brooks then appealed to the board of assessment appeals. The defendant board granted Brooks' protest on the basis that, in 1979, §§ 39–1–104(9) through 39–1–104(11), C.R.S. (*see* Colo.Sess.Laws 1977, ch. 494 at 1731), prohibited the county assessor from increasing the assessed valuations of the units in 1980 solely on the basis that the units had been converted into condominiums. The decision of the defendant board was affirmed on appeal by the El Paso County District Court on May 26, 1981.

After the judgment of the district court in the *Brooks* case became final, plaintiffs who are owners of the individual condominium units, filed petitions pursuant to §§ 39–1–113 and 39–10–114, C.R.S., with the board of county commissioners for an abatement and refund of the taxes imposed in 1980 as a result of the increase in the assessed valuation of the units. The board of county commissioners granted plaintiffs' petitions on the basis of the decision in the *Brooks* case. However, the decision of the board of county commissioners was reversed by the property tax administrator, who concluded that plaintiffs were required to follow the "protest and adjustment" procedures provided for by § 39–5–122 and §§ 39–8–106 through 39–8–109, C.R.S., (1982 Repl.Vol. 16B) rather than the "abatement and refund" procedures provided for by §§ 39–1–113 and 39–10–114, C.R.S. (1982 Repl.Vol. 16B). The defendant board of assessment appeals affirmed the decision of the property tax administrator. Plaintiffs then commenced the present action.

In reinstating the decision of the board of county commissioners, the district court judge (a different judge than in the *Brooks* case) took judicial notice of the records in the *Brooks* case and concluded that the taxes complained of were illegally levied.

Defendants contend here that the district court erred in not dismissing the present action because plaintiffs failed to follow the proper administrative procedures. Defendants argue that the only method by which plaintiffs could challenge the tax increase imposed in 1980 was by following the protest and adjustment procedures set forth in § 39–5–122 and §§ 39–8–106 through 39–8–109, C.R.S. We disagree.

■ If a tax is wholly illegal or entirely erroneous and incapable of adjustment, a taxpayer may file an abatement and refund petition pursuant to §§ 39–1–113 and 39–10–114, C.R.S. (1982 Repl.Vol. 16B). *See Lamm v. Barber*, 192 Colo. 511, 565 P.2d 538 (1977); *Schmidt-Tiago Construction Co. v. Property Tax Administrator*, 687 P.2d 528 (Colo.App.1984). If, on the other hand, property has simply been overvalued and the taxes imposed are capable of being adjusted, the taxpayer must follow the "protest and adjustment procedure" set forth in § 39–5–122 and §§ 39–8–106 through 39–8–109, C.R.S. (1982 Repl.Vol. 16B) and the abatement and refund remedy is not available. *Schmidt-Tiago Construction Co. v. Property Tax Administrator*, *supra*.

■ In the present case, the district court concluded that the increase in the taxes imposed on the plaintiffs in 1980 was wholly illegal and entirely erroneous because the increase in the assessed valuation of the condominium units owned by the plaintiffs was prohibited by statute. We agree with this characterization of the tax increase at issue here. Consequently, plaintiffs were entitled to follow the abatement and refund procedures provided for by statute.

■ Defendants further contend that the district court erred in setting aside the determination of the defendant board that the plaintiffs were simply complaining of an "overvaluation" that could have been adjusted had the proper statutory procedures been followed. Again we disagree.

Defendants do not challenge the defendant board's determination that the increase in the assessed valuation of the units in 1980 was prohibited by statute. Obviously, if such an increase was prohibited, then the taxes imposed as a result of such an increase were also prohibited and wholly ille-

gal rather than simply the result of an overvaluation. Thus, even though the defendant board characterized the 1980 increase in the assessed valuation of the units as an overvaluation capable of adjustment, such a characterization was erroneous.

We also reject the defendants' contention that the district court erred in taking judicial notice of the record in the *Brooks* case. *Cf. Eadon v. Reuler*, 146 Colo. 347, 361 P.2d 445 (1961); *Sakal v. Donnelly*, 30 Colo.App. 384, 494 P.2d 1316 (1972).

Defendants' remaining contentions are without merit.

Judgment affirmed.

PIERCE and TURSI, JJ., concur.