The **WRITER CORPORATION,**
Plaintiff-Appellant,

v.

The **BOARD OF ASSESSMENT APPEALS of the State of Colorado; the Board of County Commissioners of the County of Jefferson, Colorado; Judy Cooper Pettit as Jefferson County Assessor; and the State Board of Equalization, Defendants-Appellees.**

No. 84CA1179.

Colorado Court of Appeals,
Div. III.

March 13, 1986.

Rehearing Denied April 17, 1986.

Certiorari Granted (Board) July 7, 1986.

McMartin, Burke, Loser & Fitzgerald, P.C., Ronald S. Loser, Herbert C. Phillips, Englewood, for plaintiff-appellant.

Patrick R. Mahan, Jefferson Co. Atty., Cile Pace, George Theophilos, Asst. Co. Attys., Golden, for defendants-appellees Board of County Com'rs of Jefferson County, Colorado and Judy Cooper Pettit as Jefferson County Assessor.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for defendants-appellees Board of Assessment Appeals of State of Colorado and State Bd. of Equalization.

KELLY, Judge.

Plaintiff, The Writer Corporation, appeals the judgment of the trial court dismissing its action for review under § 24–4–106, C.R.S. Writer contends that the trial court erred in affirming the order of the Board of Assessment Appeals dismissing Writer's petitions for tax abatement and refund under § 39–1–113 and § 39–10–114, C.R.S. (1982 Repl. Vol. 16B) on the ground that Writer had failed to exhaust its administrative remedy under the "protest and adjustment" procedures in § 39–5–122 and §§ 39–8–106 through 39–8–109, C.R.S. (1982 Repl. Vol. 16B). We reverse.

In its complaint, Writer alleged the following pertinent facts. Writer is the owner of numerous parcels of residential land in Jefferson County, which the Jefferson County assessor erroneously concluded were not parcels of residential real property. The assessor therefore applied a rate of valuation for 1983 assessment at 29% of actual value, instead of the 21% rate for residential property prescribed in the 1982 amendment to Colo. Const. art. X, § 3(1)(b). Pursuant to §§ 39–1–113 and 39–10–114, C.R.S. (1982 Repl. Vol. 16B), Writer filed with the Jefferson County Board of County Commissioners petitions for abatement and refund. These petitions were denied by the Board. Writer appealed this decision to the Board of Assessment Appeals which concluded "that the valuations placed on the subject properties were not erroneous or illegal, and were capable of adjustment under C.R.S. 1973, 39–5–122." Since Writer had not appealed to the Board of County Commissioners under § 39–5–122 in a timely fashion, the Board of Assessment Appeals dismissed the petitions.

On review, the trial court affirmed the order of the Board of Assessment Appeals, and dismissed Writer's action. The sole issue before us is whether the Board of Assessment Appeals had jurisdiction to consider Writer's petitions for review of the rulings of the Board of County Commissioners of Jefferson County. We hold that it did have such jurisdiction.

Section 39–5–122 and §§ 39–8–106 through 39–8–109, C.R.S. (1982 Repl. Vol. 16B) provide a means to protest assessments to the county assessor and must be followed when the taxpayer claims that "his property has been valued too high, or has been twice valued, or is exempt by law from taxation, or that he did not own taxable property on the assessment date, or that the property has been erroneously assessed to him." Section 39–5–122, C.R.S. (1982 Repl. Vol. 16B); *Schmidt-Tiago Construction Co. v. Property Tax Administrator,* 687 P.2d 528 (Colo.App.1984). This procedure applies when assessment is the result of an "error capable of adjustment." *Northcutt v. Burton,* 127 Colo. 145, 254 P.2d 1013 (1953); *Benbrook v. Board of Assessment Appeals,* 695 P.2d 801 (Colo. App.1984) *(cert. granted* March 25, 1985).

The "abatement and refund" procedure set out in §§ 39–1–113 and 39–10–114, C.R.S. (1982 Repl. Vol. 16B) authorizes direct appeal to the Board of County Com-

missioners and must be used when a tax "is illegally laid or, because of some unlawful act of the authorities is erroneous in its entirety, requiring not adjustment but refund...." *Northcutt v. Burton, supra; Southern Cafeteria, Inc. v. Property Tax Administrator,* 677 P.2d 362 (Colo.App. 1983). One who petitions for a tax refund pursuant to the "abatement and refund" statute must show that the tax falls within the statutory language. Hence, in order to avail itself of the "abatement and refund" procedures, it was incumbent upon Writer to show that the tax was illegally laid or was erroneous in its entirety. *See Weidenhaft v. Board of County Commissioners,* 131 Colo. 432, 283 P.2d 164 (1955); *Benbrook v. Board of Assessment Appeals, supra.*

In its various petitions for relief before administrative tribunals, Writer has persistently alleged and argued, as it argues here, that the assessment at 29% of actual value is unconstitutional under Colo. Const. art. X, § 3(1)(b). This section provides, in pertinent part, that:

"Residential real property, which shall include all residential dwelling units and the land, as defined by law, ... shall be valued for assessment at twenty-one percent of its actual value.

. . . .

All other taxable property shall be valued for assessment at twenty-nine percent of its actual value."

Citing § 39–1–102(14.3), (14.4), and (14.5), C.R.S. (1985 Cum.Supp.) as legislation implementing these constitutional provisions and defining the nature of residential real property, Writer asserts that its property is "residential real property" within the meaning of the above constitutional provision and therefore may not be taxed at any rate other than twenty-one percent of its actual value. "Residential real property" is defined in § 39–1–102(14.5) as "residential land and residential improvements...." Section 39–1–102(14.3) defines "residential improvements" as:

"A building, or that portion of a building, designed for use predominantly as a place of residency by a person, a family, or families. The term includes buildings, structures, fixtures, fences, amenities, and water rights which are an integral part of the residential use."

The disputed issue in this case is whether Writer's property should be classified as "residential real property" or as "other taxable property." If Writer proves its allegations that its property should be classified as "residential real property" within the meaning of the constitution and the statutes implementing the constitution, the assessor's selection of the erroneous valuation rate is a tax "illegally laid" and is "erroneous in its entirety." *See Benbrook v. Board of Assessment Appeals, supra.* Accordingly, the trial court erred in affirming the order of the Board of Assessment Appeals dismissing Writer's petitions.

The judgment of the trial court is reversed and the cause is remanded with directions to reinstate Writer's complaint and to enter an order remanding the cause to the Board of Assessment Appeals for a hearing on Writer's petition.

VAN CISE and METZGER, JJ., concur.