## TABOR ET AL. v. CLARK.

1. WHEN ATTORNEY'S FEES RECOVERABLE IN SUIT ON INJUNCTION BOND.— In suit upon an injunction bond, the injunction being ancillary to the main action, attorney's fees can only be recovered for services rendered in resisting or dissolving the injunction.

2. PRACTICE IN SUPREME COURT— ONLY MATTERS OF RECORD CONSIDERED.— The record filed in the supreme court controls its decision; matters not appearing therein cannot be considered.

*Appeal from District Court of Arapahoe County.*

IN 1886 Tabor brought suit against Clark and others, alleging in his complaint that Clark, being the owner of the premises therein described, entered into a written contract for the sale thereof to certain parties, which contract was afterwards, with the knowledge and consent of Clark, duly assigned to the Denver Circle Real Estate Company; that this contract was of great value to the company; that plaintiff was a stockholder in said company; that two of the remaining co-defendants, viz., Henry and Loveland, acting as directors of the corporation, fraudulently, without any consideration whatever, and for their own personal advancement, canceled and annulled the written contract between Clark and the corporation; that Clark had full notice and knowledge of the fraudulent conduct of said Henry and Loveland, and colluded with them in connection therewith; that, after such attempted cancellation of the contract, Henry and Loveland as individuals immediately purchased from Clark the land in question, executing to him their promissory notes for upwards of $60,000, the balance of the purchase money, and, to secure the same, gave a trust-deed upon the property; and that Loveland and Henry had defaulted in the payment of the notes thus given, and Clark was proceeding to advertise and sell the land in pursuance of the trust-deed. Plaintiff demanded that the sale to Loveland and Henry be set aside; that their trust-deed to Clark be canceled; and that the original contract with the corporation be restored, and given full force and effect.

Plaintiff also sought to procure a temporary injunction restraining Clark, pending the trial, from negotiating the notes of Henry and Loveland, and from further proceeding with his sale of the property under the trust-deed; the trustees named in the deed being also made parties defendant to the suit.

The temporary injunction asked for was granted upon the filing of a bond conditioned according to law. A motion was made to dissolve, but was not separately considered or passed upon. The injunction remained in force until the final determination of the suit, when, the judgment on the merits being in favor of defendants, a dissolution necessarily took place.

The present suit was instituted by Clark against Tabor and his surety to recover damages upon the injunction bond thus given. The only damages claimed, or sought to be proved, were attorney's fees. The evidence offered covered these fees for the entire litigation, and the court charged the jury that, if they found for the plaintiff, they might allow as damages this total amount. A verdict was rendered for $1,250. From the judgment duly entered thereon the present appeal was taken.

Messrs. J. P. BROCKWAY and ISAAC N. STEVENS, for appellants.

Mr. ENOS MILES, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

The cause in which the injunction bond now sued on was given was not primarily injunctive in its nature. It was brought to secure the cancellation of the trust-deed given by Henry and Loveland upon the premises in question, and to procure a reinstatement of the original contract between Clark and the Denver Circle Real Estate Company, as assignee. This contract appears by the complaint to have

been of great value to the company. The cancellation thereof by the two directors named is alleged to have been wholly without consideration and fraudulent, and Clark is connected by averment with the fraud. Were we to discard from consideration the injunctive feature of the proceeding, a full and complete cause of action would nevertheless appear in the pleading.

The injunction was ancillary to the principal relief claimed. Its purpose was to render the ultimate decree in the main case, if given for plaintiff, effective. It simply inhibited Clark, *pendente lite*, from negotiating the notes, which would necessarily carry with them the security, and from selling the property in pursuance of the trust-deed to innocent third parties. It is needless to say that either of these steps would have proved seriously detrimental to plaintiff, had he recovered in the end.

Under these circumstances the charge of the court must be held erroneous. The injunction bond was given to protect appellee from injury by virtue of the issuance of the injunction. The attorney's fee should have been accordingly limited. Neither the principal nor the surety in that bond could by virtue of its provisions be held for the value of legal services rendered in the preparation and trial of the main case. 2 Suth. Dam. 68, and cases cited; High, Inj. §§ 973, 974.

It was claimed in oral argument that the real and sole object of the suit in which the injunction issued was to obtain a postponement of the sale under the trust-deed, and thus enable Henry and Loveland to avoid such sale by procuring the requisite sum of money, and taking up the notes. Tabor, so it was asserted, acted in the interest of those parties, and did not prosecute the suit in good faith for the purpose of securing the principal relief ostensibly claimed by the complaint. It is sufficient for us to say that if these assertions were satisfactorily proven at that trial we are not apprised of the fact by the record now before us. Of

course the record must govern the present decision, and we cannot, upon aught that appears therein, sustain the claim of counsel in this regard.

We are aware of the fact that it may be difficult to apportion the value of legal services, under such circumstances as are here presented. Counsel, perhaps, cannot say exactly how much time and labor were consumed in resisting the ancillary injunctive part of the case; but it is no more difficult to separate the claims for service in connection with the principal case, and with the injunction, and to fairly approximate the sum due for the latter, than it is to estimate the amount to be recovered in many other cases upon which courts are called to adjudicate. Besides, the existence of this embarrassment does not furnish a legal reason why the parties to the injunction bond should be held for damages not in any way contemplated or provided for by their contract.

For the reasons given the judgment will be reversed and the cause remanded.                                  *Reversed.*

Mr. JUSTICE ELLIOTT, having presided at the trial below, did not participate in this decision.