Richmond, P. J.,
delivered the opinion of the court.
The record in this case discloses that on February 1,1890, in an action brought by Clement B. Smythe against the River and Rail Electric Company and one Stetson Leach and J. Thomas Lynch, plaintiffs below, an injunction bond was issued out of the district court of Arapahoe county enjoining Leach and Lynch from commencing an action upon a certain promissory note executed by the River and Rail Electric Company. That in that action an injunction bond was given in the following words and figures:
Clement B. Smythe, Plaintiff, v. The River and Rail Electric Co., J. Thomas Lynch and Stetson Leach, Defendants. Undertaking in Injunction.
“ Whereas, The above plaintiff has commenced, or is about to commenee, an action in the District Court of the Second Judicial District of the State of Colorado, in and for the County of Arapahoe, against the above named defendants, and is about to apply for an injunction in said action against the said defendants, enjoining and restraining them from the commission of certain acts, as in the complaint filed in said action is more particularly set forth and described,
*132 “Now, Therefore, We, the undersigned, in consideration of the premises, and of the issuing of said injunction, do jointly and severally undertake, in the sum of $12,000, and promise to the effect that, in case said injunction shall issue, the plaintiff will pay to the defendant all costs and damages as shall be awarded against the complainant in case the said injunction shall be modified or dissolved in whole or in part.
“ Dated this 30th day of January, A. D. 1890.
“ (Signed) Clement B. Smythe,
“ By Edward Ferris, Attorney in Fact.
“ Orlando Metcalf.”
Lynch and Leach filed a demurrer to the complaint, and while the demurrer was under advisement by the court, plaintiff in the original action on his own motion dismissed it, and said injunction was thereby dissolved at cost of plaintiff.
This action is brought to recover for attorneys’ fees and expenses incurred in and about the dissolution of the injunction. A general demurrer was filed to the complaint in this action, which was sustained. Plaintiff in error elected to stand by his complaint, and prosecutes this writ of error to" reverse the judgment of the court below.
The grounds urged in the court below and in the briefs on file herein are that the complaint failed to aver that damages had been awarded on the dissolution of the injunction, or at any other time; therefore there was no breach of the conditions of the bond, and consequently no independent suit could be maintained against the principal and sureties for damages. The attorneys for the respective parties have cited many authorities in support of their contentions, but we deem it wholly unnecessary to review them in view of the fact that the code of procedure of this state permits the institution of this action.
Section 161, Session Laws 1887, provides that, in suing on any undertaking provided for in this act, it shall not be necessary to bring suit in the first instance against the principal on such undertaking to ascertain the amount of damages sustained or awarded by the court, but the principal and *133 surety may be sued together, and at the trial damages may be assessed and awarded against principal and surety in the action.
This provision clearly allows the institution of the suit against principal and surety or sureties upon an injunction bond without any previous adjudication against the principal, and is conclusive of the question. The very purpose of the statute was to cover the grounds of objection raised by the demurrer, and supported by the authorities cited by defendant in error. We assume that the section referred to was not called to the attention of the court below, and that had it been it would not have fallen into the error of sustaining the demurrer to the complaint. Tabor et al. v. Clark, 15 Colo. 434.
Our conclusion is that the court erred in sustaining the demurrer to the complaint, and therefore the judgment must be reversed and the cause remanded.

Reversed.