**ATMEL CORPORATION, a California corporation, Plaintiff–Appellee and Cross–Appellant,**

v.

**VITESSE SEMICONDUCTOR CORPORATION, a Delaware corporation, Robert L. West, Patrick H. Jenkins, and Lattie Alejo, Defendants–Appellants and Cross–Appellees.**

No. 04CA1402.

Colorado Court of Appeals, Div. I.

March 8, 2007.

Holme Roberts & Owen, LLP, Richard L. Nagl, Richard L. Gabriel, Eric Bentley, Colorado Springs, Colorado, for Plaintiff–Appellee and Cross–Appellant.

Holland & Hart, LLP, James E. Hartley, Stephen G. Masciocchi, Susannah W. Pollvogt, Christina Gomez, Denver, Colorado, for Defendants–Appellants and Cross–Appellees.

Opinion by Judge RUSSEL.

Defendants, Vitesse Semiconductor Corporation, Robert L. West, Patrick H. Jenkins, and Lattie Alejo (collectively Vitesse), appeal the trial court's order granting a portion of their requested attorney fees and denying prejudgment interest on the award. Plaintiff, Atmel Corporation, cross-appeals the award of attorney fees. We affirm.

Atmel and Vitesse are semiconductor manufacturers. In 1997, Atmel brought a civil action against Vitesse for breach of nonsolicitation covenants. At Atmel's request, the district court entered a one-year preliminary injunction against Vitesse and set a $5,000 injunction bond pursuant to C.R.C.P. 65(c).

Vitesse appealed, challenging both the preliminary injunction and the bond amount. A division of this court disapproved the preliminary injunction, which had since expired, and

held that Vitesse could recover damages and attorney fees resulting from the injunction. The division also reversed the order setting the bond amount and remanded the case for further proceedings. *Atmel Corp. v. Vitesse Semiconductor Corp.*, 30 P.3d 789 (Colo.App. 2001) (*Atmel I* ).

On remand, Vitesse asked the court for an award of attorney fees in the approximate amount of $500,000, plus prejudgment interest. Atmel resisted this request, arguing that any award must be capped at $5,000— the amount of the original injunction bond. The trial court awarded Vitesse $75,000 in attorney fees and declined to award prejudgment interest.

### I.

Atmel contends that the trial court erred in awarding attorney fees in excess of the original $5,000 injunction bond. We disagree.

As a general rule, a wrongfully enjoined party may not recover damages in excess of the bond amount. *State v. Zahourek*, 935 P.2d 74, 77 (Colo.App.1996), *aff'd sub nom. Graham v. State*, 956 P.2d 556 (Colo. 1998). However, some courts recognize an exception to the general rule where the enjoined party has diligently sought relief, the injunction has been set aside, and an appellate court has determined that the trial court abused its discretion in ordering an insufficient injunction bond. *See Lotenfoe v. Pahk*, 747 So.2d 422, 425–26 (Fla.Dist.Ct.App.1999).

We need not decide whether to adopt an exception to the general rule. Instead, we conclude that the trial court's award was correct because it comported with the law of the case as determined in *Atmel I*.

The *Atmel I* division did not explicitly state that the trial court was free to award more than $5,000 in damages and fees. But this determination was an inherent component of the division's judgment. The division reviewed the preliminary injunction, even though it had already expired, because its ruling would determine whether Vitesse could seek damages and fees on remand. And the division reviewed the bond amount because that evaluation would determine whether Vitesse's potential award would be limited to $5,000. The division addressed the injunction and bond amount to resolve issues of practical concern, not to express a gratuitous opinion in dicta. *See In re Marriage of Dauwe*, 148 P.3d 282, 284 (Colo.App.2006) (an appellate court will not render an opinion on a moot issue).

We therefore conclude that the *Atmel I* division necessarily determined that the trial court was free to award more than $5,000 in damages and fees. And we hold that the division's determination was binding on the trial court as the law of the case. *See Civil Serv. Comm'n v. Carney*, 97 P.3d 961, 966–67 (Colo.2004) (law of the case doctrine includes issues expressly or impliedly determined by the appellate court's judgment); *Sereff v. Steedle*, 148 P.3d 192, 196 (Colo.App.2005) (*cert. granted on other grounds* Sept. 11, 2006, 2006 WL 2590021) (implicit determination made by previous appellate division is binding as law of the case).

### II.

Having rejected Atmel's contention that the trial court awarded too much, we now address Vitesse's contention that the court awarded too little. Vitesse argues that the award is unreasonable because $75,000 represents only a portion of the attorney fees that it incurred in overturning the injunction. We reject this contention.

An award of attorney fees must be reasonable. The determination of reasonableness is a question of fact for the trial court, and its ruling will not be disturbed unless it is patently erroneous. *Hartman v. Freedman*, 197 Colo. 275, 281, 591 P.2d 1318, 1322 (1979); *see also Employment Tel. Enters., LLC v. Barocas*, 100 P.3d 37 (Colo.App. 2004) (trial court has broad discretion in determining the amount of attorney fees).

The initial estimate of reasonable attorney fees is reached by calculating the lodestar amount. That amount may then be adjusted on the basis of several factors, such as the degree of success achieved and the amount in controversy. *Tallitsch v. Child Support*

*Servs., Inc.,* 926 P.2d 143, 147–48 (Colo.App. 1996).

Here, Vitesse requested approximately $500,000 in fees. The fees were incurred in the following stages of litigation: (1) resisting the initial application for an injunction; (2) attacking the injunction through various procedures, such as a petition under C.A.R. 21 and appeals; and (3) pursuing relief on remand after the injunction was disapproved. The parties agreed that Vitesse's attorneys spent a reasonable number of hours pursuing the various procedures, and they agreed that the attorneys charged a reasonable hourly rate.

■ The trial court first determined that Vitesse was not entitled to recover any fees for certain parts of the litigation. The court correctly declined to award fees incurred in resisting the injunction. *See Quinn v. Baldwin Star Coal Co.,* 19 Colo.App. 497, 76 P. 552 (1904). And it ruled that certain procedures, such as the pursuit of relief under C.A.R. 21, were not reasonably necessary.

The court then reduced the overall award to $75,000, finding that Vitesse's fee request was excessive in light of the issues and stakes involved:

> Vitesse knew by late June of 1998 that other than attorney fees, it had incurred *no damages.* The plant had opened on time, apparently fully staffed, and Vitesse has submitted no evidence that its business was in any way impacted by the injunction. From that point forward, the only issue was attorney fees, and for either side to spend hundreds of thousands of dollars in legal fees borders on the absurd. Each side is equally guilty, and the Court is certainly not condoning Atmel's action in that regard. Both sides engaged in this fight for some purpose which at this point remains unknown to the Court. The Court further concludes that the legal issues presented were not unusual or extremely difficult nor were there factual issues which required extensive discovery. Finally, at least some of the issues addressed during the appellate process, for example, the arbitration issue, were entirely unrelated to the issuance of the injunction and therefore fees incurred in that portion of the case are not recoverable.

The court's ruling rests well within the bounds of its discretion. That the parties have spent so much, fighting over so little, suggests that they were motivated, not to mitigate damage, but to inflict damage. Such a motive may be a reason to deny relief altogether. *See Coyne–Delany Co. v. Capital Dev. Bd.,* 717 F.2d 385, 392 (7th Cir.1983) ("A good reason for not awarding [damages on an injunction bond] would be that the defendant had failed to mitigate damages.").

We therefore uphold the trial court's award of $75,000 as a reasonable amount of fees for the entirety of this action, including further litigation.

### III.

We now consider whether the trial court properly declined to award prejudgment interest on the $75,000 award of attorney fees. We conclude that the court's ruling was proper.

■ Under § 5–12–102, C.R.S.2006, a party may be required to pay prejudgment interest on an award of attorney fees if the fees constitute an element of actual damages. *See Farmers Reservoir & Irrigation Co. v. City of Golden,* 113 P.3d 119, 133 (Colo.2005). But a party may not be ordered to pay prejudgment interest on attorney fees that are awarded as costs of litigation. *Farmers Reservoir & Irrigation Co. v. City of Golden, supra,* 113 P.3d at 134–35; *see also Kennedy v. King Soopers Inc.,* 148 P.3d 385, 390 (Colo. App.2006) (when attorney fees are awarded, not as damages, but to shift the burden of litigation, post-judgment interest runs from the date of the final order quantifying the amount of fees).

■ Earlier cases indicate that attorney fees may be awarded "as damages" in an action for the wrongful entry of an injunction. *See Tabor v. Clark,* 15 Colo. 434, 25 P. 181 (1890); *Quinn v. Baldwin Star Coal Co., supra.* But the supreme court has more recently indicated that attorney fees awards must be evaluated individually to determine whether they are damages or costs. *Farmers Reservoir & Irrigation Co. v. City of*

*Golden, supra,* 113 P.3d at 134 ("Classifying attorney fees as 'costs' or 'damages' for the purpose of moratory interest depends on the context of the case.").

We recognize that a wrongful injunction could result in an award of attorney fees as damages. For example, if a defendant were sued by a third person as a result of wrongful injunction, the defendant's attorney fees might qualify as consequential damages. *Cf. Bedard v. Martin,* 100 P.3d 584, 591 (Colo.App.2004) (attorney fees may be recovered as damages in an action for breach of warranty where the plaintiff incurred fees defending its interests against the true owner). But here, the attorney fees were awarded to shift part of the burden of litigation. *See, e.g., Farmers Reservoir & Irrigation Co. v. City of Golden, supra* (attorney fees were in the nature of costs where the amount was awarded to reimburse the defendant for the expenses incurred in litigating a frivolous claim).

Accordingly, we hold that the trial court properly declined to award prejudgment interest.

The order is affirmed.

Judge MÁRQUEZ and Judge VOGT concur.