**CODY PARK PROPERTY OWNERS' ASSOCIATION, INC., Plaintiff–Appellant,**

**v.**

**Sigismund L. HARDER, Alexandra W. Harder, Alan D. Heitsman, and Tammy Heitsman, Defendants–Appellees.**

No. 09CA0299.

Colorado Court of Appeals, Div. I.

Nov. 25, 2009.

As Modified on Denial of Rehearing April 15, 2010.

Law Office of Peter F. Michaelson, P.C., Peter F. Michaelson, Westcliffe, Colorado, for Plaintiff–Appellant.

Sigismund L. Harder, Pro Se.

Alexandra W. Harder, Pro Se.

J. Brent Garfield, PLLC, J. Brent Garfield, Arvada, Colorado, for Defendants–Appellees Alan D. Heitsman and Tammy Heitsman.

Opinion by Judge TAUBMAN.

Plaintiff, Cody Park Property Owners' Association, Inc. (Cody Park), appeals the trial court's summary judgments in favor of defendants, Sigismund L. Harder and Alexandra W. Harder (Harders), and Alan D. Heitsman and Tammy Heitsman (Heitsmans). Cody Park also appeals the trial court's orders granting a preliminary injunction and awarding attorney fees to the Heitsmans. We affirm.

## I. Background

The Cody Park subdivision was created in 1987 in Fremont County. A Plat and a Declaration for Protective Covenants (Covenants) were recorded with the office of the County Recorder in Fremont County. The Harders own a parcel of property within the Cody Park subdivision that borders Cody

Park Road. The Heitsmans own land adjacent to the Harders' property but not in the Cody Park subdivision. In April 2006, the Harders granted the Heitsmans an Easement allowing the Heitsmans to construct and maintain a driveway across the Harders' property to access Cody Park Road from the Heitsmans' property. The Easement was recorded with the County Recorder in Fremont County. In addition, the Harders and the Heitsmans executed an Agreement which said in part, "Grantees [the Heitsmans] will take whatever steps are required to obtain approval from Cody Park property owners association and any other involved entity, governmental or otherwise, for the construction and maintenance of this roadway." After the Easement was recorded, the Heitsmans constructed a driveway to Cody Park Road on the Easement. Neither the Harders nor the Heitsmans obtained approval from Cody Park prior to construction. Later, Cody Park blocked the Heitsmans' access to the new driveway by stringing barbed wire across the gate at the entrance to the Harders' property.

Cody Park then sued the Harders and the Heitsmans in April 2007 alleging the Easement was invalid because the Harders did not have the right to grant the Heitsmans permission to use Cody Park Road absent approval from Cody Park. Cody Park contended it owned the roads and thus had the right to control use of the roads within the subdivision. Cody Park also asserted it was a third-party beneficiary of the Agreement executed between the Harders and the Heitsmans. In June 2007, Cody Park amended its Covenants to require subdivision owners to obtain prior written consent from Cody Park before granting an easement or right-of-way.

Cody Park appeals the summary judgments granted to the Harders and the Heitsmans in which the trial court held the Harders had the right to grant the Easement. Cody Park also appeals the trial court's preliminary injunction against its interfering with the Heitsmans' access to the Easement and the subdivision road, as well as the trial court's award of attorney fees to the Heitsmans.

## II. C.R.C.P. 56(e) Compliance

■ Cody Park contends the trial court erred in granting the Harders' and Heitsmans' motions for summary judgment because it considered documents attached to the motions that did not conform to the requirements of C.R.C.P. 56(e). We disagree.

■ C.R.C.P. 56(e) provides, "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." A court must disregard documents referred to in a motion for summary judgment that are not sworn or certified. *See Struble v. Am. Family Ins. Co.*, 172 P.3d 950, 955 (Colo.App.2007).

■ However, arguments never presented to a trial court may not be raised for the first time on appeal. *Estate of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718, 721 n. 5 (Colo.1992). Because Cody Park did not question the authenticity of the Agreement in the trial court, we will not consider the issue for the first time on appeal. Further, Cody Park founded its request to add a third-party beneficiary claim on language in the Agreement, and Cody Park's complaint was based on the Covenants, the Easement, and the Agreement. Thus, Cody Park may not now contend on appeal that the trial court improperly considered those documents.

## III. Interpretation of Easement and Agreement

■ Cody Park contends the trial court erred by inferring terms not explicitly set forth in the unambiguous Easement or Agreement. More specifically, Cody Park objects to the trial court's conclusions (1) that under the Easement and Agreement, at most the Harders impliedly made the Heitsmans licensees or invitees, (2) that the Agreement suggests the Easement provides alternative access to the Heitsmans' property and is therefore not an easement of necessity, and (3) that the Harders agreed only for themselves to refrain from objecting to the Heitsmans' use of Cody Park Road.

The Harders and Heitsmans respond that even if the trial court improperly interpreted

the Easement and Agreement to be ambiguous, the plain language of the Covenants did not prohibit the Harders from granting an easement to the Heitsmans. We agree with the Harders and Heitsmans.

The interpretation of a covenant is a question of law that we review de novo. *Evergreen Highlands Ass'n v. West*, 73 P.3d 1, 3 (Colo.2003). If a trial court concludes that language is unambiguous, evidence beyond the four corners of the document is not considered. *Ad Two, Inc. v. City & County of Denver*, 9 P.3d 373, 376–77 (Colo.2000). "The mere fact that the parties may have different opinions regarding the interpretation of the contract does not itself create an ambiguity in the contract." *Id.* at 377.

The Agreement provides, "[The Harders] will execute an Easement to [the Heitsmans]" and "[t]his Easement is limited to use as an access road from Cody Park Road to [the Heitsmans'] parcel only." The Agreement also says the Heitsmans "will take whatever steps are required to obtain approval from the Cody Park property owners association."

In its order granting summary judgment to the Harders, the trial court stated:

> At most, the Harders impliedly made the Heitsmans licensees or invitees. By implication, the Harders also promised, for themselves not for the Cody Park Homeowners Association or other subdivision owners, not to object to Heitsmans' use of subdivision roads to access the easement.
>
> The agreement suggests that the easement provides alternate access to Heitsman's property, implying that it is not an easement of necessity and probably would not be the primary access to the dominant estate.

Contrary to Cody Park's contention, the trial court, in using the words "impliedly," "implication," and "suggests," did not conclude the Easement and Agreement were ambiguous. Rather, it determined the intent of the parties by interpreting the plain language of the documents. The trial court did not rely on any extrinsic evidence in deciding the intent of the parties.

In any event, we conclude summary judgment was appropriate because nothing in the Covenants restricted the Harders' ability to grant the Heitsmans the Easement across their property.

## IV. Third–Party Beneficiary

Cody Park also contends the trial court erred in denying its motion to amend its complaint to add a third-party beneficiary claim. We disagree.

A trial court's denial of a motion to amend a complaint is reviewed for abuse of discretion. *Polk v. Denver Dist. Court*, 849 P.2d 23, 25 (Colo.1993). "A court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair." *Akin v. Four Corners Encampment*, 179 P.3d 139, 146 (Colo.App.2007). While leave to amend should be freely granted, *Casey v. Christie Lodge Owners Ass'n*, 923 P.2d 365, 367 (Colo. App.1996), a trial court does not violate its discretion when it denies a motion to amend which is futile. *Bristol Co. v. Osman*, 190 P.3d 752, 759 (Colo.App.2007) (denial is appropriate when amendment would not survive a motion to dismiss).

A third party who is not a party to an agreement may enforce one or more obligations created by that agreement if the third party is intended by the parties to be a direct beneficiary of the agreement. *Smith v. TCI Commc'ns, Inc.*, 981 P.2d 690, 693 (Colo.App.1999). The benefit claimed must be direct and not merely incidental. *E.B. Roberts Constr. Co. v. Concrete Contractors, Inc.*, 704 P.2d 859, 865 (Colo.1985). The intent to benefit a third party need not be expressly referred to in the agreement, but must be apparent from the terms of the agreement or the surrounding circumstances. *Id.*

We agree with the Harders and the Heitsmans that the parties never intended the Easement to benefit Cody Park and therefore the trial court properly denied Cody Park's claim. The Easement provided, "This Easement is intended for the personal use and benefit only of the family and friends of Grantees, and not for any other or wider

purpose." This language does not demonstrate an intent to benefit Cody Park.

Nevertheless, Cody Park asserts that language in the Agreement directing the Heitsmans to obtain any approval required by Cody Park in constructing and maintaining the Easement is evidence of the parties' intent to confer a benefit on Cody Park. However, this language was contingent on approval being required by Cody Park. Since the Covenants did not prohibit the Harders from entering into the Agreement with the Heitsmans, no such approval was necessary. Cody Park later amended the Covenants to require written approval before granting an easement, but Cody Park does not argue the amendments apply here retroactively.

We agree with the trial court that nothing in the Agreement suggests Cody Park was intended to benefit from the Agreement. Therefore, the trial court did not abuse its discretion in denying Cody Park's motion to add a third-party beneficiary claim because the amendment would have been futile.

## V. Public Access

■ Cody Park contends the trial court erred in concluding the Plat dedicated Cody Park's roads to public access. We disagree.

The interpretation of a covenant is a question of law that we review de novo. *Giguere v. SJS Family Enters., Ltd.*, 155 P.3d 462, 472 (Colo.App.2006).

Cody Park acknowledges that under the Covenants, it intended to convey its roads to Fremont County upon acceptance by the county. However, Cody Park contends there was no evidence in the record to show that the roads had been conveyed to the county or that the county had accepted the dedication and, therefore, it was error for the trial court to determine that the roads had been dedicated for public access.

Even if the trial court erred in concluding that the Plat dedicated the roads within Cody Park to the county without the county's acceptance, Cody Park conceded in its response to the Harders' motion for summary judgment that until proper dedication occurs, the roads are Cody Park's private property, but the general public is welcome to use the

roads. Further, contrary to Cody Park's contention, nothing in the pre–2007 Covenants states that the roads are private, limits the right of the public to access roads within the subdivision, or precludes owners from granting easements to access the roads. The Plat also provides that the subdivision's roads are "for public access."

■ An appellate court may uphold a trial court's decision that reaches a correct result, even if it uses different reasoning. *People v. Quintana*, 882 P.2d 1366, 1375 (Colo.1994); *Thorpe v. State*, 107 P.3d 1064, 1071 (Colo.App.2004).

We agree with the Harders and the Heitsmans that because the Plat states the roads are for public access, Cody Park admitted the public is welcome to use the roads, and the Covenants are not contrary to the Plat, the trial court correctly concluded that the Heitsmans could access the roads within Cody Park subdivision. Therefore, summary judgment in favor of the Heitsmans was proper.

## VI. Preliminary Injunction

Cody Park also contends the trial court erred in granting the Heitsmans a preliminary injunction directing it to remove a barbed wire fence preventing the Heitsmans' use of the easement and enjoining it from erecting any other barriers to prevent the Heitsmans' use of the easement. We disagree.

■ A trial court's preliminary injunction ruling is reviewed for abuse of discretion and only overturned if the trial court's conclusion is manifestly unreasonable, arbitrary, or unfair. *Evans v. Romer*, 854 P.2d 1270, 1274 (Colo.1993). A trial court's findings should be upheld on appeal when there is evidence in the record to support the findings. *Archuleta v. Gomez*, 140 P.3d 281, 285 (Colo.App.2006). A preliminary injunction is designed to preserve the status quo or to protect a party's rights pending a final determination of a cause. *Keller Corp. v. Kelley*, 187 P.3d 1133, 1137 (Colo.App.2008). To grant a preliminary injunction, a trial court must find the moving party has demonstrated (1) it has a reasonable probability of suc-

cess on the merits; (2) a danger of real, immediate, and irreparable injury exists which may be prevented by injunctive relief; (3) there is no plain, speedy, and adequate remedy at law; (4) there is no disservice to the public interest; (5) the balance of equities favors the injunction; and (6) the injunction preserves the status quo pending a trial on the merits. *Rathke v. MacFarlane*, 648 P.2d 648, 653–54 (Colo.1982).

■■■ Cody Park contends the trial court erred in finding all six parts of the *Rathke* test were met and therefore the preliminary injunction was invalid. We disagree.

The trial court issued detailed findings in its order granting the Heitsmans a preliminary injunction. The trial court addressed each of the six *Rathke* factors before issuing the injunction, and Cody Park has failed to show the trial court had no basis for its findings.

The trial court found (1) the Heitsmans had a reasonable probability of success on the merits; (2) the Heitsmans suffered a danger of real, immediate, and irreparable injury because Cody Park was physically preventing use of the easement; (3) there was no plain, speedy, and adequate remedy at law because Cody Park was denying the Heitsmans the right to use specific real property; (4) no disservice to the public interest existed; (5) the injunction preserved the status quo pending a trial on the merits because the court had already granted the Heitsmans summary judgment on the substantive legal issues; and (6) equitable considerations weighed in favor of the injunction because the Heitsmans notified Cody Park of the easement and Cody Park did not expressly object before later attempting to impose conditions it had no right to request and finally physically blocking the Heitsmans' access to the easement after improvements were made to the property.

We conclude the trial court did not abuse its discretion in granting the Heitsmans a preliminary injunction because the court's findings were supported in the record and were not manifestly unreasonable, arbitrary, or unfair.

## VII. Attorney Fees

Cody Park contends the trial court erred in granting the Heitsmans attorney fees and costs pursuant to section 38–33.3–123(1)(c), C.R.S.2009, of the Colorado Common Interest Ownership Act. We are not persuaded.

Initially, we address the Heitsmans' contention that Cody Park failed to file a notice of appeal within forty-five days of the date the trial court entered its order on attorney fees, and therefore we do not have jurisdiction to review the award of attorney fees.

■■■■ "[W]here the trial court has granted attorney fees in its judgment on the merits, but has deferred ruling on the amount of the award, a separate timely notice of appeal [must] be filed on all issues related to attorney fees after the award is reduced to a sum certain." *Jensen v. Runta*, 80 P.3d 906, 908 (Colo.App.2003).

Cody Park did not originally file a separate notice of appeal regarding the trial court's award of attorney fees to the Heitsmans. However, in response to an order to show cause, this court accepted Cody Park's supplemental notice of appeal for attorney fees, concluding it was timely filed following the trial court's award of attorney fees on March 27, 2009. We agree with this conclusion and, therefore, we will review the merits of Cody Park's appeal on this issue.

Cody Park contends the trial court erred in granting the Heitsmans attorney fees under the statute because this was not an action to enforce or defend the Covenants and because only unit owners may be awarded attorney fees. We disagree.

■■■ We review de novo the construction of a statute providing for an award of attorney fees. *Buick v. Highland Meadow Estates at Castle Peak Ranch, Inc.*, 21 P.3d 860, 864 (Colo.2001).

The goal of statutory interpretation is to ascertain the General Assembly's intent. *Platt v. People*, 201 P.3d 545 (Colo.2009). When interpreting a statute, a court should look to the plain language of the statute first. *In re J.N.H.*, 209 P.3d 1221, 1222–23 (Colo. App.2009). If legislative intent is clear from the plain language of the statute, then other

rules of statutory interpretation need not be applied. *Id.* at 1223. The statute must be read and considered as a whole. *People in Interest of P.C.*, 80 P.3d 942, 944 (Colo.App. 2003). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997).

Section 38–33.3–123   (1)(c) provides:

In any civil action to enforce or defend the provisions of this article or of the declaration, bylaws, articles, or rules and regulations, the court shall award reasonable attorney fees, costs, and costs of collection to the prevailing party.

### A.

The Heitsmans contend section 38–3.3–123(1)(c) merely requires (1) a civil action must be brought and (2) the purpose of the civil action must be to enforce or defend the provisions of a declaration or bylaws. Upon establishing these two conditions, the prevailing party is entitled to an award of reasonable attorney fees.

"Declaration" is defined as "any recorded instruments however denominated, that create a common interest community, including any amendments to those instruments and also including, but not limited to, plats and maps." § 38–3.3–103(13), C.R.S.2009.

Here, the full title of the Covenants is "Declaration of Protective Covenants for Cody Park, Fremont County, Colorado," and, as noted, Cody Park recorded the document, along with the Plat, with the County Recorder in Fremont County. We agree with the Heitsmans that the Covenants fall within the statutory definition of a declaration.

Cody Park disputes that the action was brought to enforce or defend its Covenants. However, the Covenants were the basis of Cody Park's complaint, and it brought claims against the Harders and Heitsmans specifically to enforce its perceived rights under the Covenants. The complaint stated, "Article II of the Covenants states that the Association is to use its authority to enforce the Cove-nants." Then, the complaint alleged, "The Easement violates the Covenants by granting use of the non-county roads in the Subdivision to persons who are not 'tract owners.'"

Further, *Platt v. Aspenwood Condominium Ass'n, Inc.*, 214 P.3d 1060, 1068 (Colo. App.2009), relied on by Cody Park, is distinguishable. There, the division concluded that neither the claims nor counterclaims sought to enforce the CCIOA. Here, in contrast, Cody Park filed this action to enforce the Covenants.

Accordingly, we conclude that Cody Park sought to enforce the Covenants when it brought suit against the Harders and Heitsmans. It is undisputed that there is a civil action. Thus, both elements of section 38–33.3–123(1)(c) were established.

### B.

Next, Cody Park contends that the Heitsmans are not prevailing parties entitled to collection of attorney fees under the statute because they are not unit owners within the Cody Park subdivision and the General Assembly intended that the statute only apply to "unit owners." We agree with the parties that whether recovery of attorney fees under section 38–33.3–123(1)(c) is limited to unit owners is a matter of first impression in Colorado.

Although the other subsections specifically refer to "unit owners," section 38–33.3–123(1)(c) does not. For example, section 38–33.3–123(1)(d), C.R.S.2009, provides:

Notwithstanding paragraph (c) of this subsection (1), in connection with any claim in which a unit owner is alleged to have violated a provision of this article or of the declaration, bylaws, articles, or rules and regulations of the association and in which the court finds that the unit owner prevailed because the unit owner did not commit the alleged violation:

(I) The court shall award the unit owner reasonable attorney fees and costs incurred in asserting or defending the claim; and

(II) The court shall not award costs or attorney fees to the association. In addi-

tion, the association shall be precluded from allocating to the unit owner's account with the association any of the association's costs or attorney fees incurred in asserting or defending the claim.

Section 38–33.3–123(1)(d) allows prevailing unit owners to collect reasonable attorney fees incurred in defending an alleged violation of homeowners association covenants. In contrast, section 38–33.3–123(1)(c) specifies that prevailing parties, with no "unit owner" qualifying language, shall be awarded reasonable attorney fees.

When the General Assembly includes a provision in one statute but omits that provision from another similar statute, the omission is evidence of its intent. *See Zamarripa v. Q & T Food Stores, Inc.*, 929 P.2d 1332, 1339 (Colo.1997) (omission must be viewed as intentional and given effect).

The plain language of section 38–33.3–123(1)(c) does not require a prevailing party to be a unit owner to collect attorney fees, and the omission of the language from this subsection, in light of its inclusion in other subsections of the statute, evidences the General Assembly's intent not to limit recovery of attorney fees under that subsection to unit owners. Therefore, we agree with the trial court that, as a prevailing party, the Heitsmans were entitled to an award of attorney fees under section 38–33.3–123(1)(c).

The Harders and the Heitsmans are also entitled to their reasonable attorney fees for defending this appeal. On remand, the trial court shall determine this amount. *See* C.A.R. 39.5.

### C.

Finally, Cody Park contends that if the award of attorney fees is upheld, the trial court erred in awarding attorney fees for fees incurred by the Heitsmans prior to the date the lawsuit was commenced.

The statute allows for the recovery of "reasonable attorney fees." § 38–33.3–123(1)(c). Attorney fees granted for costs incurred prior to the filing of a lawsuit are generally allowable. *See In re Marriage of Ikeler*, 161 P.3d 663, 668 (Colo.2007) (party may recover attorney fees, including for legal services rendered and costs incurred prior to the commencement of a proceeding).

An award of attorney fees must be reasonable. *Atmel Corp. v. Vitesse Semiconductor Corp.*, 160 P.3d 347, 349 (Colo.App. 2007).

Cody Park does not contest the reasonableness of the award of attorney fees. Therefore, we affirm the order granting attorney fees to the Heitsmans.

The summary judgments in favor of the Harders and Heitsmans and the orders granting a preliminary injunction and awarding attorney fees to the Heitsmans are affirmed.

Judge DAILEY and Judge BOORAS concur.