23CA1808 Payne v Ridgewood 09-19-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1808
Mesa County District Court No. 20CV30321
Honorable Richard T. Gurley, Judge

---

Frank Payne, Katherine Payne, Jim Brincefield, Linda Brincefield, Claudia
Flight, Debby Warner, and Teresa Garner,

Plaintiffs-Appellants,

v.

The Ridgewood Heights Homeowners Association, Dennis Hoefer, Barbara
Hoefer, Kim Suplizio, Vonnie Folkers, and Jan Logan,

Defendants-Appellees.

---

JUDGMENT AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE YUN
Dunn and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 19, 2024

---

Wegener Lane & Evans, P.C., Benjamin M. Wegener, Dalen B. Porter, Grand
Junction, Colorado, for Plaintiffs-Appellants

Lasater & Martin, P.C., Janet B. Martin, Edward L. Shepyer, Greenwood
Village, Colorado, for Defendants-Appellees

¶ 1    This construction defect case arises from a dispute between the plaintiffs, Frank Payne, Katherine Payne, Jim Brincefield, Linda Brincefield, Claudia Flight, Debby Warner, and Teresa Garner (collectively, the homeowners), and the defendants,[1] the Ridgewood Heights Homeowners Association, Dennis Hoefer, Barbara Hoefer, Kim Suplizio, Vonnie Folkers, and Jan Logan (collectively, the HOA). The homeowners appeal the district court's determination of a question of law, certified as a final judgment under C.R.C.P. 54(b), that they cannot recover damages associated with repairing or replacing a common element in the Ridgewood Heights subdivision. We affirm the judgment.

## I.    Background

¶ 2    The homeowners own property in the Ridgewood Heights subdivision, which is a residential common interest community subject to the Colorado Common Interest Ownership Act (the Act). *See* § 38-33.3-103(8), C.R.S. 2024.  The subdivision is governed by

---

[1] The additional defendants Ridgewood Heights Development, LLC, Linda Daly, Grand Junction Lincoln Devore, Inc., Edward Morris, Dynamic Hardscapes In Landscaping, LLC, and Jose Fuentes settled with the homeowners while this appeal was pending.  As such, they are no longer part of this appeal.

the HOA pursuant to a "Declaration of Restrictions, Covenants and Easements" (the declaration). Under the declaration, the HOA owns, maintains, and manages various common elements in the subdivision, including a retaining wall (the wall) that abuts the homeowners' properties.

¶ 3 After the construction of the wall in 2018, the homeowners noticed various defects and signs of distress in the wall and resulting damage to their backyards. Without consulting the HOA, the homeowners retained an engineering expert to evaluate and produce a report on repairing the wall. The expert determined that the wall "exhibited significant construction deficiencies" that "compromised the intrinsic strength of the wall and cannot be corrected by means of partial repairs." Accordingly, the expert recommended either comprehensive repairs or full replacement of the wall.

¶ 4 The homeowners sent the expert report to the HOA (and notices of a construction defect claim to the dismissed defendants) and demanded that they repair the wall and the damage to the homeowners' properties according to their expert's specifications. When the HOA refused, the homeowners filed suit in district court

asserting, as relevant here, claims of breach of fiduciary duty and negligent supervision against the HOA.

¶ 5    Roughly half a year after the litigation began, the HOA approved its own plans to repair the wall. The minutes from that board meeting "expressed the hope that the proposed repairs would satisfy [the homeowners] and that the suit [would] then be dismissed." But the homeowners were not satisfied and sought a temporary restraining order to halt the repairs to the wall that had recently begun. They alleged that the plans adopted by the HOA would not alleviate the deficiencies their expert identified in the wall. The court denied the motion, and the wall was repaired under the plans adopted by the HOA. The HOA also had the damage to the homeowners' backyards and patios repaired at no cost to them.

¶ 6    However, this did not end the litigation. The homeowners continued to have their retained expert inspect the newly repaired wall and point out alleged deficiencies. Later, all defendants filed a joint motion under C.R.C.P. 56(h), asking the court to determine as a matter of law that the homeowners could not recover damages associated with repairing or replacing the wall. Two of the dismissed defendants also filed a motion for summary judgment on

damages, alleging that the homeowners had not produced any evidence of damage to their properties after the wall was repaired.

¶ 7     The district court granted both motions and awarded the defendants attorney fees for the motion for determination of law. The homeowners filed a motion to reconsider or, in the alternative, to certify the determination of law and summary judgment orders as final under C.R.C.P. 54(b). The district court declined to reconsider its orders but certified them — apart from attorney fees and costs — as final, appealable judgments.[2]

¶ 8     The homeowners appealed both certified orders, but they later settled with the defendants who prevailed on summary judgment.

---

[2] The parties do not disagree that certification was appropriate under C.R.C.P. 54(b). However, "we are obligated to raise and resolve the question of the legal sufficiency of the Rule 54(b) certification on our own motion." *Harding Glass Co. v. Jones*, 640 P.2d 1123, 1126 (Colo. 1982). After conducting our own review, we are satisfied that (1) the certified orders dispose of entire claims for relief; (2) the orders resulted in the final disposition of the claims against the defendants who recently settled and the negligent supervision claim against the HOA; and (3) the district court did not abuse its discretion by finding "there is no just reason for delay in the entry of final judgment on these claims, given the length of time this litigation has been pending and the age of the Plaintiffs." *See Wolf v. Brenneman*, 2024 CO 31, ¶ 16.

Accordingly, only the order granting the motion for determination of law remains at issue for this appeal.

## II.     Analysis

¶ 9     The homeowners contend that the district court erred by determining as a matter of law that they could not recover damages associated with repairing or replacing common elements, including the wall.  We disagree.

## A.     Standard of Review

¶ 10     We review orders resolving a C.R.C.P. 56(h) motion de novo. *Henisse v. First Transit, Inc.*, 247 P.3d 577, 579 (Colo. 2011); *see also Gibbons v. Ludlow*, 2013 CO 49, ¶ 11.  We also review declarations and statutes de novo.  *DA Mountain Rentals, LLC v. Lodge at Lionshead Phase III Condo. Ass'n*, 2016 COA 141, ¶ 16.

¶ 11     When reviewing a district court's order addressing a C.R.C.P. 56(h) motion, we apply the same standards used by the district court.  *Stapleton v. Pub. Emps. Ret. Ass'n*, 2013 COA 116, ¶ 20; *City of Fort Collins v. Colo. Oil & Gas Ass'n*, 2016 CO 28, ¶ 9.  A district court may enter an order deciding a question of law under Rule 56(h) "[i]f there is no genuine issue of any material fact necessary for the determination of the question of law."

## B. Governing Law and the Declaration

¶ 12 We interpret declarations according to their plain language, considering them as a whole and bearing in mind their intended purpose. *DA Mountain Rentals*, ¶ 19. "If a declaration is clear on its face, we will enforce it as written." *Id.* (quoting *Vista Ridge Master Homeowners Ass'n v. Arcadia Holdings at Vista Ridge, LLC*, 2013 COA 26, ¶ 18).

¶ 13 The declaration includes the following relevant provisions:

> *3.4. Common Elements.* The Association holds title to the Common Elements, subject to the rights of the Owners . . . . [N]o Owner may alter or remove anything from . . . the Common Elements without the Board's approval. . . .
>
> . . . .
>
> *9.2.1. Common Elements and Association Property.* The Association is responsible for maintaining, repairing, and replacing the Common Elements . . . with the scope, scheduling, and specifications of maintenance being decided by the Board, including:
>
> maintenance and repair of the Common Elements . . . ;
>
> . . . .
>
> maintenance and repair of retaining walls, wherever located in the Development; . . .
>
> . . . .

6

> *9.7. Liability of the Association-Related Parties. . . .* No Owner has a claim against the Association-Related Parties for reimbursement or otherwise for maintenance, repairs or replacements performed by that Owner, if the maintenance, repairs or replacements are the responsibility of the Association . . . .

¶ 14  The declaration defines "Association-Related Parties" as "the Association, the Directors, the Officers and the Association's employees, agents and contractors, and the owners, managers, directors, officers, employees, agents and contractors of each of them."

## C. Discussion

¶ 15  The homeowners argue that the district court was wrong to rule that they could not recover damages for repairing or replacing the retaining wall because their claim against the HOA is for breach of fiduciary duty, not for breach of the declaration. We are unpersuaded.

¶ 16  Section 9.2.1. of the declaration states that the HOA "is responsible for maintaining, repairing, and replacing the Common Elements" and specifically includes retaining walls in that responsibility. And section 9.7. precludes the homeowners from bringing a claim against "Association-Related Parties," including the

7

HOA, for "reimbursement or otherwise for maintenance, repairs or replacements" of common elements the HOA is obligated to repair, such as the wall. As these provisions are plain and unambiguous, we are obligated to enforce them as written if they apply to the homeowners' claims against the HOA. *See DA Mountain Rentals*, ¶ 19.

¶ 17    The homeowners' argument that their claim is for breach of fiduciary duty and not for breach of the declaration is not a meaningful distinction. As the homeowners themselves state in their complaint, the "[w]all is within the subdivision that is operated by the Ridgewood HOA" and their ownership interests in the wall stem from their membership in the HOA. And they initiated this action "[d]ue to the inaction of the Ridgewood HOA in remedying the [w]all's defects and deficiencies," an obligation imposed by section 9.2.1. of the declaration. Thus, the homeowners initiated this action to defend their perceived interests and rights under the declaration and the Act. *Cf. Cody Park Prop. Owners' Ass'n v. Harder*, 251 P.3d 1, 8 (Colo. App. 2009) (awarding attorney fees under the Act where a homeowners association declaration was the basis of the complaint and the plaintiff brought the claims to

"enforce its perceived rights under the [declaration,]" irrespective of how the claims were labeled).

¶ 18    Similarly, the HOA's fiduciary duty to the homeowners — to the extent it exists — arises from the declaration and the Act. *See* § 38-33.3-113, C.R.S. 2024 (imposing an obligation of good faith); § 38-33.3-303(2)(a), (b), C.R.S. 2024 (board members appointed by the declarant must act as fiduciaries of owners, but board members not appointed by the declarant are liable only for wanton and willful acts or omissions). Further, section 9.7. is not as narrow as the homeowners suggest. It states that "[n]o Owner has a claim against the Association-Related Parties," which explicitly include the HOA, and nowhere does it narrow the definition of "claim" only to claims for breach of the declaration.

¶ 19    Applying section 9.7. to this case, the homeowners cannot recover damages for repairing and/or replacing the wall under either their breach of fiduciary duty or negligent supervision claim against the HOA. First, at oral argument, the homeowners' counsel conceded that the only damages they seek through their negligent supervision claim are those associated with repairing the wall. As such, section 9.7. bars the homeowners' negligent supervision claim

against the HOA. Second, to the extent that the homeowners seek to recover damages for repairing and/or replacing the wall under their breach of fiduciary duty claim against the HOA, those damages are again barred by section 9.7.

¶ 20 Accordingly, the district court did not err by concluding that, under the declaration, the homeowners "do not have the right and/or ability to collect damages associated with repairing and/or replacing . . . the retaining wall at issue in this case as a matter of law."

### III. Disposition

¶ 21 The judgment granting the motion for determination of question of law is affirmed. The case is remanded with directions for the district court to dismiss the negligent supervision claim against the HOA and to proceed with the homeowners' remaining fiduciary duty claims for damages not associated with repairing and/or replacing the wall.

JUDGE DUNN and JUDGE MOULTRIE concur.